Hope Pordy
SPIVAK LIPTON LLP
1700 Broadway
New York, New York 10019
Tel: (212) 765-2100
Fax: (212) 541-5429
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMILIO BARAJAS, EUGENIO ESPINO BARROS, OSMAR CARDONA, JOSE MARIA GUILLEN and OSCAR MENESES,<br><br>                                    Plaintiffs,<br><br>                    v.<br><br>SNY LEE INC. d/b/a SHI, NYS LEE INC. d/b/a SKINNY'S CANTINA, SJL 2 INC. d/b/a KAVALA, SHIH YU LEE and SHIH NIEN LEE,<br><br>                                    Defendants. | **COMPLAINT and JURY DEMAND** |

Plaintiffs Emilio Barajas, Eugenio Espino Barros, Osmar  Cardona, Jose Maria Guillen and Oscar Meneses ("Plaintiffs"), individually and on behalf of other similarly-situated employees through their attorneys, Spivak Lipton LLP, allege as follows:

## NATURE OF ACTION

1.     This action seeks monetary, declaratory and injunctive relief to redress violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.; the New York Labor Law ("NYLL"), §§ 190, 650 et seq.; and supporting regulations.  Defendants have willfully engaged in violations of the FLSA and NYLL by: (a) failing to pay Plaintiffs and other similarly-situated employees wages at the minimum hourly rate required under federal and state law, (b) failing to pay Plaintiffs and other similarly-situated employees overtime

compensation at one and one-half times their regular rate of pay for time worked in excess of

40 hours, (c) making unlawful deductions from Plaintiffs' wages and receiving a "kickback"

because Plaintiffs who worked as delivery workers were required to purchase and maintain

bicycles; and (d) failing to pay Plaintiffs and other similarly-situated employees "spread of

hours pay" as required by N.Y. Comp. Codes R. & Regs tit. §142-2.4, or alternatively, N.Y.

Comp. Codes R. & Regs tit. § 146-1.6, for each day of work which Plaintiffs and other

similarly-situated employees' spread of hours exceeded ten.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the FLSA claims of Plaintiffs and any other

similarly-situated employees pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

3.      Pursuant to 29 U.S.C. § 216(b), Plaintiffs Emilio Barajas, Eugenio Espino Barros

Osmar  Cardona, Jose Maria Guillen and Oscar Meneses have consented in writing to become

a party to this lawsuit.  Plaintiffs' executed consent forms are attached hereto as **Exhibit A**.

4.      This Court has jurisdiction over the NYLL claims of Plaintiffs and other

similarly-situated employees pursuant to 28 U.S.C. § 1367(a), because these claims are so

closely related to the FLSA claims of Plaintiffs and other similarly-situated employees as to

form parts of the same case or controversy under Article III of the United States Constitution.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§§ 2201-2202.

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C.

§ 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims

occurred in this judicial district.

## PARTIES

### Plaintiffs

7.     Plaintiff Emilio Barajas is an adult individual residing in Queens, New York. He has worked as a busser and a barback at Shi, a restaurant located at 47-20 Center Boulevard, Long Island City, New York 11109, from in or around 2009 until in or around January 2013. Plaintiff Emilio Barajas has also worked at Skinny's Cantina, a restaurant located at 47-05 Center Boulevard, Long Island City, New York 11109.

8.     Plaintiff Eugenio Espino Barros is an adult individual residing in Bronx, New York. He has worked as a dishwasher at Shi, a restaurant located at 47-20 Center Boulevard, Long Island City, New York 11109, from in or around March 2009 through February 2012; from July 2012 through August 2013; and from March 2014 through January 2016.  Since June 2017, Plaintiff Barros has worked at Kavala, a restaurant located at 10-07 50th Avenue, Long Island City, New York, one day per week.

9.     Osmar  Cardona is an adult individual residing in Jackson Heights, New York. He was employed in food delivery at Shi from approximately November 2013 to November 2015 and then returned in March 2016 until present.

10.     Jose Maria Guillen is an adult individual residing in Long Island City, New York. He was employed in food delivery at Shi from approximately September 10, 2007 until July 23, 2017.

11.     Oscar Meneses is an adult individual residing in Queens, New York.  He was employed in food delivery at Shi from approximately March 2009 until July 17, 2017.

**Defendants**

12.     Defendant SNY Lee, Inc. d/b/a Shi ("Shi") is a restaurant located at 47-20 Center Boulevard, Long Island City, New York 11109. Shi is a domestic business corporation registered as doing business in New York, with its principal office listed in Long Island City, NY.

13.     Shih Yu Lee is a chief executive officer, owner, principal and/or manager of Shi.

14.     Shih Nien Lee is a chief executive officer, owner, principal and/or manager of Shi.

15.     Upon information and belief, Shi is an enterprise engaged in commerce in that it (i) has had employees engaged in commerce or in the production of goods for commerce or who handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce by any person; and (ii) has had an annual gross volume of sales of not less than $500,000 exclusive of excise taxes. 29 U.S.C. § 203(s)(1)(A).

16.     Defendant NYS Lee, Inc. d/b/a Skinny's Cantina ("Skinny's Cantina") is a restaurant located at 47-05 Center Boulevard, Long Island City, New York 11109. Skinny's Cantina is a domestic business corporation registered as doing business in New York, with its principal office listed in Long Island City, NY.

17.     Defendant Shih Yu Lee has been an owner, operator, and/or manager of a restaurant operated under the name Skinny's Cantina.

18.     Defendant Shih Nien Lee has been an owner, operator and/or manager of a restaurant operating under the name Skinny's Cantina.

19.     Upon information and belief, Skinny's Cantina is an enterprise engaged in commerce in that it (i) has had employees engaged in commerce or in the production of goods

for commerce or who handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce by any person; and (ii) has had an annual gross volume of sales of not less than $500,000 exclusive of excise taxes.  29 U.S.C. § 203(s)(1)(A).

20.    Defendant SJL 2, Inc. d/b/a Kavala ("Kavala") is a restaurant located at 10-07 50th Avenue, Long Island City, New York 11101.  Kavala is a domestic business corporation registered as doing business in New York, with its principal office listed in Long Island City, NY.

21.    Defendant Shih Yu Lee has been an owner, operator, and/or manager of a restaurant operated under the name Kavala.

22.    Defendant Shih Nien Lee has been an owner, operator and/or manager of a restaurant operating under the name Kavala.

23.    Upon information and belief, Kavala is an enterprise engaged in commerce in that it (i) has had employees engaged in commerce or in the production of goods for commerce or who handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce by any person; and (ii) has had an annual gross volume of sales of not less than $500,000 exclusive of excise taxes.  29 U.S.C. § 203(s)(1)(A).

24.    Upon information and belief, Shi, Skinny's Cantina and Kavala (collectively referred to herein as "Corporate Defendants") have performed related activities for a common business purpose and therefore together constitute an enterprise within the meaning of 29 U.S.C. § 203(r)(1).

25.    Upon information and belief, Corporate Defendants have had common policies and procedures, are operationally interdependent, and use a centralized and/or joint administrative structure.

26.    At all relevant times, Corporate Defendants have interchanged personnel.

27.    At all relevant times, Corporate Defendants have been an enterprise engaged in commerce in that collectively they (i) have had employees engaged in commerce or in the production of goods for commerce or who handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce by any person; and (ii) have had an annual gross volume of sales of not less than $500,000 exclusive of excise taxes. 29 U.S.C. § 203(s)(1)(A).

28.    At all relevant times, Defendants jointly employed Plaintiffs and all other similarly situated employees.

Owner/Operator Defendants

29.    Upon information and belief, Defendant Shih Yu Lee owns all or part of Shi, Skinny's Cantina and Kavala.

30.    Upon information and belief, Defendant Shih Nien Lee owns all or part of Shi, Skinny's Cantina and Kavala.

31.    Shih Yu Lee is sued individually in his capacity as employer.

32.    Shih Nien Lee is sued individually in his capacity as employer.

33.    At all relevant times, Shih Yu Lee has directed the operation of and exercised financial control over Shi, Skinny's Cantina and Kavala.

34.    At all relevant times, Shih Nien Lee has directed the operation of and exercised financial control over Shi, Skinny's Cantina and Kavala.

35.    At all relevant times, Shih Yu Lee has promulgated the employment policies of Shi, Skinny's Cantina and Kavala.

36.     At all relevant times, Shih Nien Lee has promulgated the employment policies of Shi, Skinny's Cantina and Kavala.

37.     At all relevant times, Shih Yu Lee has exercised direct control over Plaintiffs' employment at Shi, Skinny's Cantina and Kavala, by directing the work of Plaintiffs and other similarly-situated employees, overseeing the computation and distribution of the wages of Plaintiffs and other similarly-situated employees and the making of employee schedules.

38.     At all relevant times Shih Nien Lee has exercised direct control over Plaintiffs' employment at Shi, Skinny's Cantina and Kavala, by directing the work of Plaintiffs and other similarly-situated employees, overseeing the computation and distribution of the wages of Plaintiffs and other similarly-situated employees and the making of employee schedules.

39.     At all relevant times, Shih Yu Lee has had the power to hire and fire Plaintiffs and other similarly-situated employees at Shi, Skinny's Cantina and Kavala.

40.     At all relevant times, Shi Nien Lee has had the power to hire and fire Plaintiffs and other similarly-situated employees at Shi, Skinny's Cantina and Kavala.

41.     At all relevant times, Defendant Shih Yu Lee  has had the power to control the terms and conditions of the employment of Plaintiffs and other similarly-situated employees at Shi, Skinny's Cantina and Kavala including the hours of work of Plaintiffs and other similarly-situated employees, meals, breaks and duties.

42.     At all relevant times, Defendant Shih Nien Lee has had the power to control the terms and conditions of Plaintiffs and other similarly-situated employees' employment at Shi, Skinny's Cantina and Kavala, including Plaintiffs' hours of work, meals, breaks and duties.

43.     At all relevant times, Defendant Shih Yu Lee has had the power to determine or change the rate and methods of compensation of Plaintiffs and other similarly-situated employees at Shi, Skinny's Cantina and Kavala.

44.     At all relevant times, Defendant Shih Nien Lee has had the power to determine or change the rate and methods of compensation of Plaintiffs and other similarly-situated employees at Shi, Skinny's Cantina and Kavala.

45.     At all relevant times, Defendant Shih Yu Lee has had the power to maintain employment records concerning Plaintiffs and other similarly-situated employees and to comply with wage and hour laws at Shi, Skinny's Cantina and Kavala.

46.     At all relevant times, Defendant Shih Nien Lee has had the power to maintain employment records concerning Plaintiffs and other similarly-situated employees and to comply with wage and hour laws at Shi, Skinny's Cantina and Kavala.

## STATEMENT OF FACTS

47.     At all relevant times, Defendants were employers of Plaintiffs and other similarly-situated employees within the meaning of the FLSA, the NYLL and supporting regulations. 29 U.S.C. § 203(d), N. Y. Lab. Law §§ 190(3) and 651(6).

48.     At all relevant times, Plaintiffs and other similarly-situated employees were employees of and employed by Defendants, and Plaintiffs and other similarly-situated employees were permitted to work by Defendants within the meaning of the FLSA and NYLL.  29 U.S.C. § 203(e), and NYLL § 651(5).

49.     All of the work performed by Plaintiffs and other similarly-situated employees was assigned, required and/or permitted by Defendants.

50.    At all relevant times, Defendants did not post a work schedule reflecting Plaintiffs and other similarly-situated employees' scheduled hours of work.

51.    At all relevant times, Defendants have failed to keep full and accurate records of Plaintiffs' hours and wages in order to avoid liability for their wage violations as required by the FLSA, 29 C.F.R. § 516.5 to 516.6 and NYLL, N.Y. Comp. Codes R & Regs. Tit. 12, § 142-2.6.

**<u>Delivery Workers</u>**

52.    Osmar Cardona has worked in food delivery at Shi from approximately November 2013 to in or around 2015, and then from in or around March 2016 until August 2016.

53.    Plaintiff Jose Guillen has worked in food delivery at Shi from on or about July 7, 2011 until July 23, 2017.

54.    Plaintiff Oscar Meneses has worked in food delivery at Shi located at 47-20 Center Boulevard, Long Island City, New York 11109, from on or about March 27, 2009 until the present.

55.    At all relevant times, Plaintiffs Jose Maria Guillen and Oscar Meneses and other similarly-situated delivery worker employees were employed by Defendants to work six days a week.

56.    Plaintiff Osmar Cardona regularly worked weekend shifts of Saturday and Sunday.

57.    At all relevant times, Defendants paid Plaintiffs Osmar  Cardona, Jose Maria Guillen and Oscar Meneses and other similarly-situated delivery worker employees $25 per day for shifts of either six and one-half hours (generally 4pm to 10:30pm), i.e., the equivalent

of $3.85 per hour, and ten hours (generally 12:30pm to 10:30pm), i.e., the equivalent of $2.50 per hour.

58.     Defendants assigned Plaintiffs Osmar  Cardona, Jose Maria Guillen and Oscar Meneses and other similarly-situated delivery worker employees to perform various duties, including but not limited to delivering food orders, sweeping, mopping, cleaning floors, preparing sauces and dressings, packing deliveries, cleaning up section where they worked, organizing plates and containers, unloading delivery trucks, receiving and stocking supplies, and picking up restaurant supplies at Restaurant Depot in Maspeth, Queens for about two and one-half hours on Fridays.

59.     As a condition of their employment, Defendants required Plaintiffs and other similarly-situated delivery worker employees to purchase and maintain bicycles and accessories, for use in making deliveries.

60.     The use of bicycles by Plaintiffs and other similarly-situated employees to make deliveries inured to the benefit of Defendants.

61.     Defendants did not reimburse Plaintiffs and other similarly-situated delivery worker employees for any expenses incurred in making deliveries by bicycle, including but not limited to the purchase of bicycles, locks, repairs and maintenance.

62.     On each day that Plaintiffs and other similarly-situated delivery worker employees worked, they only received tips when they delivered food to customers.

63.     On each day that Plaintiffs and other similarly-situated delivery worker employees worked, they did not receive tips for any other assigned duties that they performed, including but not limited to delivering food orders, sweeping, mopping, cleaning floors, preparing sauces and dressings, packing deliveries, cleaning up section where they worked,

organizing plates and containers, unloading delivery trucks, receiving and stocking supplies, and picking up restaurant supplies at Restaurant Depot in Maspeth, Queens for approximately two and one-half hours on Fridays.

64.     The non-tipped duties performed by Plaintiffs and other similarly-situated employees were not related to or incidental to the delivery of food to customers.

65.     On each day that Plaintiffs and other similarly-situated employees worked, Plaintiffs and other similarly-situated employees spent a substantial amount of time, more than 20%, or alternatively, two hours or more, performing non-tipped duties.

**<u>Dishwashers</u>**

66.     Plaintiff Eugenio Espino Barros has worked as a dishwasher at Shi from in or around March 2009 through February 2012; from July 2012 through August 2012; and from March 2014 through January 2016.

67.     Plaintiff Eugenio Espino Barros worked six days per week for approximately 63-64 hours per week. From Tuesday through Thursday, Plaintiff Barros worked from approximately 1pm to 12am; on Friday and Saturday he worked from approximately 2pm to 12am; and on Sunday he worked from approximately 12:30pm to 11pm or 12am.

68.     Defendants assigned Plaintiff and other similarly-situated dishwasher employees to perform various duties, including but not limited to cleaning dishes, clearing the drain, cleaning walls and bathrooms, taking out the garbage, breaking down and tying up boxes, stocking and receiving inventory, closing the kitchen, sweeping, mopping, cooking rice, cleaning food (e.g., shrimp, onions, fish) and thoroughly cleaning the kitchen every Sunday.

69.     Plaintiff Eugenio Espino Barros was paid in cash on a semi-monthly basis until July 2015, when Defendants began to pay him on a weekly basis.

70.    For the 63-64 hours he worked each week, from in or around March 2009 through February 2012, Defendants paid Plaintiff Barros $800 twice per month ($400 per week and approximately $6.25 per hour); from July 2012 through August 2012, Defendants paid Plaintiff Barros $900 twice per month ($450 per week and approximately $7.00 per hour); and from March 2014 through January 2016, Defendants paid Plaintiff Barros $460 per week (approximately $7.19 per hour).

71.    Plaintiff Eugenio Espino Barros has also worked at Kavala from June 2017 to the present.  Plaintiff Barros works one day per week at Kavala. When working at Kavala, Plaintiff Barros works from 4pm to 11pm as a dishwasher and from 11pm to 5am is responsible for cleaning and closing the kitchen.  For these 13 hours of work, Defendants pay Plaintiff Barros $140 for the day (i.e., the equivalent of approximately $10.77 per hour).

**Barbacks and Bussers**

72.    Plaintiff Emilio Barajas has worked as a busser and a barback at Shi, a restaurant located at 47-20 Center Boulevard, Long Island City, New York 11109, from in or around 2009 until in or around January 2013.

73.    Plaintiff Emilio Barajas worked five days per week for approximately 50 hours per week. From Tuesday through Thursday, Plaintiff Barros worked from approximately 3:30pm to 12am or 1am; and on Friday and Saturday he worked from approximately 3:30pm to 3:00am or 4:00am.

74.    From 2009 through 2011, Plaintiff Emilio Barajas would perform work as both a busser and barback on each day he worked.

75.     From 2011 through 2013, Plaintiff Emilio Barajas would work as a busser from Tuesday through Thursday, and on Friday and Saturday, Plaintiff Barajas would work as a barback.

76.     Defendants assigned Plaintiff Emilio Barajas and other similarly-situated barbacks and bussers to perform various duties, including but not limited to cleaning the floors, cleaning the tables, stocking ice in the bar, stocking the refrigerator, receiving and stocking inventory at the bar (e.g., beers, liquor, sodas), removing dirty plates from tables, cleaning windows on Fridays (approximately 30-45 minutes) and occasionally making deliveries on an as needed basis.

77.     Defendants paid Plaintiff Emilio Barajas between $100 to $120 per week, i.e., the equivalent of $2.00 or $2.50 per hour, however, his wages would be reduced depending on the amount of tips he received through the Defendants' tip-pooling arrangement.

78.     Defendants paid Plaintiff Emilio Barajas by check but the check would inaccurately report that he worked only 40 hours per week.

79.     When Plaintiff Emilio Barajas worked as a busser he had minimal, if any, interaction with the customers.

80.     When Plaintiff Emilio Barajas worked as a barback he had minimal, if any, interaction with the customers.

81.     Plaintiff Emilio Barajas also worked at Skinny's Cantina, a restaurant located at 47-05 Center Boulevard, Long Island City, New York 11109 in or around 2012.

## FACTUAL ALLEGATIONS IN SUPPORT OF CERTIFICATION OF A COLLECTIVE ACTION PURSUANT TO FLSA, 29 U.S.C. § 216(B)

**Similarly Situated Plaintiffs**

82.     In addition to Plaintiff Emilio Barajas, other individuals have been employed as bussers and/or barbacks at Shi and subjected to the same terms and conditions of employment as Plaintiff Emilio Barajas.

83.     In addition to Plaintiff Emilio Barajas, other individuals have been employed as bussers and/or barbacks at Skinny's Cantina and subjected to the same terms and conditions of employment as Plaintiff Emilio Barajas.

84.     Plaintiff Emilio Barajas and all bussers similarly-situated and employed by Shi seek certification of this action as a collective action on behalf of all similarly-situated employees and former employees of Defendants Shi, Shih Yu Lee and Shih Nien Lee pursuant to 29 U.S.C. § 216(b).

85.     Plaintiff Emilio Barajas and all bussers similarly-situated at Skinny's Cantina seek certification of this action as a collective action on behalf of all similarly-situated employees and former employees of Defendants Shi, Shih Yu Lee and Shih Nien Lee pursuant to 29 U.S.C. § 216(b).

86.     Plaintiff Emilio Barajas and all barbacks similarly-situated at Shi seek certification of this action as a collective action on behalf of all similarly-situated employees and former employees of Defendants Shi, Shih Yu Lee and Shih Nien Lee pursuant to 29 U.S.C. § 216(b).

87.     Plaintiff Emilio Barajas and all bussers similarly-situated at Skinny's Cantina seek certification of this action as a collective action on behalf of all similarly-situated employees and former employees of Defendants Skinny' Cantina, Shih Yu Lee and Shih Nien

Lee pursuant to 29 U.S.C. § 216(b).

88.     In addition to Plaintiff Eugenio Espino Barros, other individuals have been employed as dishwashers at Shi and subjected to the same terms and conditions of employment as Plaintiff Eugenio Espino Barros.

89.     Plaintiff Eugenio Espino Barros and all dishwashers similarly situated at Shi seek certification of this action as a collective action on behalf of all similarly-situated employees and former employees of Defendants Shi, Shih Yu Lee and Shih Nien Lee pursuant to 29 U.S.C. § 216(b).

90.     Plaintiff Eugenio Espino Barros and all dishwashers similarly situated at Kavala seek certification of this action as a collective action on behalf of all similarly-situated employees and former employees of Defendants Kavala, Shih Yu Lee and Shih Nien Lee pursuant to 29 U.S.C. § 216(b).

91.     In addition to Plaintiffs Osmar Cardona, Jose Maria Guillen and Oscar Meneses, other individuals have been employed as delivery workers at Shi and subjected to the same terms and conditions of employment as Plaintiffs Osmar  Cardona, Jose Maria Guillen and Oscar Meneses.

92.     Plaintiffs Osmar  Cardona, Jose Maria Guillen and Oscar Meneses and all delivery workers similarly-situated at Shi seek certification of this action as a collective action on behalf of all similarly-situated employees and former employees of Defendants Shi, Shih Yu Lee and Shih Nien Lee pursuant to 29 U.S.C. § 216(b).

## **KNOWING AND INTENTIONAL ACTS**

93.    Plaintiffs and other similarly-situated employees repeat and reallege all of the paragraphs above.

94.    Defendants did not inform Plaintiffs and other similarly-situated employees of the provisions of Section 3(m) of the FLSA, 29 U.S.C. § 203(m), or explain to Plaintiffs and other similarly-situated employees the method used by Defendants to calculate the wages of Plaintiffs and other similarly-situated employees, and otherwise provide proper notice pursuant to N.Y..

95.    At all relevant times, Defendants failed to pay Plaintiffs and other similarly-situated employees at the minimum hourly rate under the FLSA and/or the NYLL for all hours worked.

96.    At all relevant times, Defendants failed to pay Plaintiffs and other similarly-situated employees overtime pay for hours they worked in excess of forty in a week at the appropriate rate under the FLSA and/or the NYLL.

97.    At all relevant times, Defendants failed to pay Plaintiffs and other similarly-situated employees spread of hours pay for each day of work that exceeded ten hours under the N.Y. Comp. Codes R. & Regs. tit. §§ 142-2.4, 146-1.6.

98.    Defendants have knowingly, intentionally and willfully committed the acts alleged herein.

99.    Defendants have not acted in good faith.

100.    Defendants have known that the nonpayment of minimum wage, overtime pay and spread of hours pay would financially injure Plaintiffs and other similarly-situated employees.

101.    The regulations promulgated under the FLSA and the NYLL require an employer to maintain in the workplace a conspicuous display containing notices of employees' rights to receive the minimum wage and overtime at the rate of one-and-one-half times their regular rate of pay.  29 C.F.R. § 516.4; 12 N.Y. Comp. Codes R. & Regs. tit. § 146-2.4.  Defendants did not maintain in the workplace a conspicuous display containing notices of employees' right to receive the minimum wage and overtime pay at all times and in Defendants' restaurant.

102.    Defendants have known that Plaintiffs and other similarly-situated employees do not read English.

103.    Defendants did not maintain in the workplace a conspicuous display containing Spanish-language notices of employees' right to receive the minimum wage and overtime pay at all times and in Defendants' restaurants.

104.    Defendants did not display at all times in Defendants' restaurant a copy of §§ 193 and 196-d of the NYLL regarding the prohibition on illegal wage deductions and the illegality of employers demanding or accepting any portion of employees' tips as required by § 198-d of the NYLL.

105.    Defendants did not display at all times in Defendants' restaurant a Spanish-language copy of §§ 193 and 196-d of the NYLL.  Defendants did not provide Plaintiffs at the time of hiring with a written statement of their hourly rate of pay, overtime rate of pay, and regular pay day.

## FIRST CAUSE OF ACTION (FLSA: MINIMUM WAGE VIOLATION)

106.    Plaintiffs and other similarly-situated employees repeat and reallege all of the paragraphs above.

107.    At all relevant times, Section 6 of the FLSA, 29 U.S.C. § 206, required Defendants to pay a minimum hourly wage to Plaintiffs and other similarly-situated employees.

108.    At all relevant times Defendants were not entitled to take a tip credit with respect to any of the wages of Plaintiffs and other similarly-situated employees because they failed to inform Plaintiffs and other similarly-situated employees of the FLSA's requirements related to the tip credit and failed to advise Plaintiffs and other similarly-situated employees of the manner in which Defendants were calculating the wages of Plaintiffs and other similarly-situated employees.  29 U.S.C. § 203(m), 29 C.F.R. § 516.4.

109.    At all relevant times, Defendants were not entitled to take a tip credit with respect to the wages of Plaintiffs and other similarly-situated employees because they assigned Plaintiffs and other similarly-situated employees duties incidental to their tip producing duties for more than 20% of their shift and/or they assigned Plaintiffs and other similarly-situated employees' non-tipped duties for a substantial portion of their shifts. 29 U.S.C. § 203(m) and (t); 29 C.F.R. §§ 516.28, 531.56(e), 531.59.

110.    At all relevant times, Defendants improperly included barbacks and/or bussers in Defendants' tip-pooling arrangement because neither barbacks nor bussers performed any direct customer service.

111.    Throughout their employment, Defendants failed to pay Plaintiffs and other similarly-situated employees the applicable minimum hourly wage for every hour in each

week that Plaintiffs and other similarly-situated employees worked, in violation of Section 6 of the FLSA, 29 U.S.C. § 206.

112.    Defendants' failure to pay Plaintiffs and other similarly-situated employees the proper minimum wage violates 29 U.S.C. § 201 et seq.

113.    Defendants' FLSA violations were willful within the meaning of 29 U.S.C. § 255(a).

114.    Plaintiffs and other similarly-situated employees have been damaged in an amount as yet undetermined plus liquidated damages.

### SECOND CAUSE OF ACTION (FLSA: OVERTIME VIOLATION)

115.    Plaintiffs and other similarly-situated employees repeat and reallege all of the paragraphs above.

116.    The FLSA requires that Defendants pay overtime at a rate of one-and-one-half times the regular rate of pay for each hour of work over forty hours in a week.  29 U.S.C. § 207.

117.    Defendants did not pay Plaintiffs and other similarly-situated employees overtime pay for the hours they worked in excess of forty in a week.

118.    Defendants' failure to pay Plaintiffs and other similarly-situated employees overtime for each hour worked over forty in a week violates 29 U.S.C. § 201 et seq.

119.    Defendants' FLSA violations were willful within the meaning of 29 U.S.C. § 255(a).

120.    Plaintiffs and other similarly-situated employees have been damaged in an amount as yet undetermined plus liquidated damages.

SL-225147.2

## THIRD CAUSE OF ACTION (N.Y. LAB. LAW: MINIMUM WAGE)

121.    Plaintiffs and other similarly-situated employees repeat and reallege all of the paragraphs above.

122.    At all times relevant to this action, the NYLL § 652 required employers in the restaurant industry to pay a minimum hourly wage.  N.Y. Comp. Codes R. & Regs tit. 12, § 137-1.2, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-1.2 (2010), and as amended effective December 31, 2016, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-1.2.

123.    At all times relevant to this action, Defendants were not entitled to the tip allowance or tip credit with respect to any of Plaintiffs' and other similarly-situated employees' wages because they failed to provide Plaintiffs and other similarly-situated employees with a statement of allowances and credits claimed with every payment of wages. N.Y. Comp. Codes R. & Regs tit. 12 § 137-2.2, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs tit. 12, §§ 146-1.3, 2.2, 146-2.4 (2010), and as amended effective December 31, 2016, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-2.2.

124.    At all times relevant to this action, Defendants were not entitled to the tip allowance or tip credit with respect to any of the wages of Plaintiffs and other similarly-situated employees because Plaintiffs and other similarly-situated employees were not "service employees" within the meaning of N.Y. Comp. Codes R. & Regs tit. 12 § 137.3.3 and § 146-3.3, in that each day that Plaintiffs and other similarly-situated employees worked Defendants assigned Plaintiffs and other similarly-situated employees to work in an occupation in which tips are not customarily received for more than 2 hours or for more than 20% of Plaintiffs' and other similarly-situated employees' shift.  N.Y. Comp. Codes R. &

Regs tit. 12 § 137.3.3, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs tit. 12, §§ 146-2.9, 146-3.3 (2010) and as amended effective December 31, 2016, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-2.9, 146-3.3 (2016).

125.    Throughout their employment, Defendants failed to pay Plaintiffs and other similarly-situated employees the applicable minimum hourly wage for every hour in each week that Plaintiffs and other similarly-situated employees worked, in violation of N.Y. Lab. Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, 137-1.2, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs tit. 12, §§ 146-1.2 (2010), and as amended effective December 31, 2016, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-2.1 (2016).

126.    Said violations were not in good faith within the meaning of NYLL §§ 198.1-a and 663.

127.    Plaintiffs and other similarly-situated employees have been damaged in an amount as yet undetermined plus liquidated damages.

## FOURTH CAUSE OF ACTION (N.Y. LAB. LAW: OVERTIME VIOLATION)

128.    Plaintiffs and other similarly-situated employees repeat and reallege all of the paragraphs above.

129.    The NYLL requires that employers in the restaurant industry pay employees overtime compensation at the rate of one and one-half times the regular rate of pay for each hour of work over forty hours in one work week.  NYLL § 650 et seq., N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.3, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-1.4 (2010), and as amended effective December 31, 2016, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-1.4 (2016).

130.    Throughout their employment, Plaintiffs and other similarly-situated employees regularly worked over forty hours per week.

131.    Nonetheless, Defendants failed to pay Plaintiffs and other similarly-situated employees the overtime compensation at the applicable overtime rate for every hour Plaintiffs and other similarly-situated employees worked in excess of forty hours, as required by the NYLL.  NYLL § 650 et seq. and N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.3, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4 (2010), and as amended effective December 31, 2016, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-1.4 (2016).

132.    Said violations were not in good faith within the meaning of  NYLL §§ 198.1-a and 663.

133.    Plaintiffs and other similarly-situated employees have been damaged in an amount as yet undetermined plus liquidated damages.


**FIFTH CAUSE OF ACTION (FLSA: KICKBACKS)**

134.    Plaintiffs and other similarly-situated employees repeat and reallege all of the paragraphs above.

135.    The regulations promulgated under the FLSA provide that wages cannot be considered to have been paid unless they are paid finally and unconditionally and without a direct or indirect "kickback" to the employer.  29 U.S.C. § 201 et seq.; 29 C.F.R. § 531.35.

136.    An employer receives an indirect "kickback" when it requires employees to purchase tools of their trade which will be used in or are specifically required for the performance of their work.  29 C.F.R. § 531.35.

137.     Defendants regularly obtained kickbacks from Plaintiffs Osmar Cardona, Jose Maria Guillen and Oscar Meneses and other similarly-situated delivery worker employees by requiring Plaintiffs Osmar Cardona, Jose Maria Guillen and Oscar Meneses and other similarly-situated delivery worker employees to purchase and maintain bicycles.

138.     Defendants' receipt of unlawful kickbacks from the wages of Plaintiffs Osmar Cardona, Jose Maria Guillen and Oscar Meneses and other similarly-situated delivery worker employees in violation of 29 U.S.C. § 201 et seq., and 29 C.F.R. § 531.35, further reduces the wages of Plaintiffs Osmar Cardona, Jose Maria Guillen and Oscar Meneses and other similarly-situated delivery worker employees below the minimum hourly wage in violation of the FLSA, 29 U.S.C. § 206(a) and applicable regulations, 29 C.F.R. § 531.35.

139.     Defendants' FLSA violations were willful within the meaning of 29 U.S.C. § 255(a).

140.     Plaintiffs Osmar Cardona, Jose Maria Guillen and Oscar Meneses and other similarly-situated delivery worker employees have been damaged in an amount as yet undetermined plus liquidated damages.

**SIXTH CAUSE OF ACTION**
**(N.Y. LAB LAW: UNLAWFUL DEDUCTIONS AND KICKBACKS)**

141.     Plaintiffs and other similarly-situated employees repeat and reallege all of the paragraphs above.

142.     NYLL § 193(1) prohibits employers from making any deductions from an employee's wages except for those permitted by law or those made for the benefit of the employee which are expressly authorized in writing by the employee.  N.Y. Lab. Law §193(1).

143.    NYLL § 193(2) prohibits employers from making any charge against an employee's wages or requiring an employee to make any payment by separate transaction, unless such payment is a permitted deduction pursuant to § 193(1).  NYLL § 193(2).

144.    NYLL § 198-b prohibits Defendants from receiving "kickbacks" from Plaintiffs and other similarly-situated employees.  NYLL § 198-b.

145.    Title 12 of the Rules and Regulations of New York provides that the minimum wage shall not be reduced by expenses incurred by an employee in carrying out duties assigned by his employer.  N.Y. Comp. Codes R. & Regs tit. 12 § 137-2.5, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-2.7 (2010), and as amended effective December 31, 2016, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-2.7 (2016).

146.    In requiring Plaintiffs Osmar  Cardona, Jose Maria Guillen and Oscar Meneses and other similarly-situated delivery worker employees to purchase and maintain bicycles as a condition of employment, Defendants violated New York Labor Law §§ 193 and 198-b, and N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.5, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-2.7 (2010), and Defendants have further reduced the compensation of Plaintiffs and other similarly-situated employees below the applicable minimum hourly wage in violation of NYLL § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, §§ 137-1.1 and 137-1.2, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs tit. 12, §§ 146-1.1, 146-1.2 (2010), and as amended effective December 31, 2016, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-1.2 (2016).

147.    Said violations were not in good faith within the meaning of New York Labor Law §§ 198.1-a and 663.

148.    Plaintiffs and other similarly-situated employees have been damaged in an amount as yet undetermined plus liquidated damages.

## SEVENTH CAUSE OF ACTION (N.Y. LABOR LAW: FAILURE TO PROVIDE NOTICE AND WAGE STATEMENTS)

149.    Plaintiffs and other similarly-situated employees repeat and reallege all of the paragraphs above.

150.    Defendants failed to provide to Plaintiffs and other similarly-situated employees' wage and hour notices in English and Plaintiffs and other similarly-situated employees' primary language, Spanish, at the beginning of their employment as required by NYLL § 195(1) and 195(3); N.Y. Comp. Codes R. & Regs. tit. 12 § 146-2.2.

151.    As a result of Defendants' violations of NYLL §§ 195(1) and (3), Plaintiffs and other similarly-situated employees may recover damages of fifty dollars for each workweek Defendants failed to provide Plaintiffs and other similarly-situated employees with a wage notice, not to exceed a total of twenty-five hundred dollars, from April 2011 through February 5, 2015, and $50 per day thereafter, and  one hundred dollars for each workweek for failure to provide a wage statement in violation of NYLL § 195(3) from April 2011 through February 5, 2015, and $50 per day thereafter, together with costs and reasonable attorney's fees in accordance with NYLL § 198.

## EIGHTH CAUSE OF ACTION (UNJUST ENRICHMENT)

152.    Plaintiffs and other similarly-situated employees repeat and reallege all of the paragraphs above.

153.    Defendants have been unjustly enriched by withholding wages rightfully belonging to Plaintiffs in violation of the FLSA and New York Labor Law.

154.    Under equity and good conscience, Defendants must make restitution to Plaintiffs and other similarly-situated employees of those unlawfully withheld wages in an amount as yet undetermined plus damages.

## DEMAND FOR JURY TRIAL

155.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand that their claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and other similarly-situated employees respectfully request the following relief:

(a)    Designating this action as a collective action and authorizing prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in this FLSA in this action.

(b)    A judgment declaring that each Defendant's conduct complained of herein violated Plaintiffs and other similarly-situated employees' rights guaranteed by the FLSA, the New York Labor Law, and associated regulations and orders;

(c)    An injunction against Defendants and any of their representatives from engaging in each of the unlawful practices, policies and patterns described in the causes of action set forth in this Complaint;

(d)      A judgment for Plaintiffs and other similarly-situated employees and against Defendants jointly and severally for compensation for unpaid minimum wage and overtime due each Plaintiffs and other similarly-situated employees under Sections 6 and 7 of the FLSA and an additional equal amount as liquidated damages;

(e)      A judgment for Plaintiffs and other similarly-situated employees and against Defendants jointly and severally for compensation for unpaid minimum wage and overtime due Plaintiffs and other similarly-situated employees under the New York Labor Law, and, as liquidated damages, an additional amount equal to 100% of the total monies due Plaintiffs and other similarly-situated employees;

(f)      A judgment for Plaintiffs and other similarly-situated employees and against Defendants jointly and severally for unlawful deductions, kickbacks and gratuities taken by Defendants, and an additional amount as liquidated damages;

(g)      A judgment for Plaintiffs and other similarly-situated employees and against Defendants jointly and severally for failure to pay spread of hours pay, and an additional amount as liquidated damages;

(h)      A judgment for Plaintiffs and other similarly-situated employees and against Defendants jointly and severally for compensatory and punitive damages for Defendants' unlawful retaliation in violation of FLSA § 215(3) and NYLL § 215(h).

(i)      A judgment for Plaintiffs and other similarly-situated employees and against Defendants jointly and severally for fifty dollars for each workweek that Defendants failed to provide a Wage Notice in violation of NYLL § 195(1) from April 2011 through February 5, 2015, and $50 per day thereafter;

(j)     A judgment for Plaintiffs and other similarly-situated employees and against Defendants jointly and severally for one hundred dollars for each workweek that Defendants failed to provide a wage statement in violation of NYLL § 195(3) from April 2011 through February 5, 2015, and $50 per day therafter;

(k)     A judgment for Plaintiffs and other similarly-situated employees and against Defendants jointly and severally for attorney's fees and costs pursuant to 29 U.S.C. § 216(b) and New York Labor Law §§ 198 and 663;

(l)     Pre-judgment and post-judgment interest; and

(m)     Such other and further relief that the Court deems just and proper.

Dated:  New York, New York
        August 18, 2017


                                    Respectfully submitted,


                                    _____/s/_____
                                    Hope Pordy
                                    hpordy@spivaklipton.com
                                    SPIVAK LIPTON LLP
                                    1700 Broadway, 21st Floor
                                    New York, New York 10019
                                    Tel: (212) 765-2100
                                    Fax: (212) 765-8954
                                    *Attorneys for Plaintiffs*